

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

|  |  |
|---|---|
| KIRA MAYNARD, A Minor (DOB: 12/27/2013) Through Her Mother Emilia Maynard and Her Father Doug Maynard; EMILIA MAYNARD; and DOUG MAYNARD;<br><br>       Plaintiffs,<br>v.<br><br>KYLEA LAINE LIESE; JANET S. KIRSCH; and JOHN/JANE DOES 1-15;<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

COPY
Original Received
DEC 2 3 2015
Clerk of the Trial Courts

Case No. 3AN-15-_____CI

## COMPLAINT

COME NOW the Plaintiffs by and through counsel, Philip Paul Weidner and

Associates, for their complaint allege and plead as follows:

### JURISDICTION AND VENUE

1.      As the culpable conduct and resulting injuries occurred at Alaska Native

Medical Center (herein as "ANMC"), Anchorage, Alaska, jurisdiction in this court is

proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Civil Rule

3. By filing this Complaint, it is also the intention of the Plaintiffs to give notice to

responsible parties as to all potential causes of action arising from the facts of this

incident as set out herein. All named Defendants are given such notice and requested to

give any other culpable parties such notice.

2.      Plaintiff Emilia Maynard was a patient at ANMC when she was pregnant

with her daughter, and during the course of events relating to the birth of her daughter,

Kira Maynard, as set out herein.

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571



3.      Emilia Maynard was at Alaska Native Medical Center to give birth to her daughter, Kira Maynard. She was in labor for about three (3) days. The labor was long, and the descent of Kira down the birth canal was slow. Emilia was being primarily cared for by nurse-midwives. The healthcare providers could have, and should have assessed the potential complications due to the long labor/slow descent, but on information and belief, failed to do so.

4.      In addition, Kira had prolonged tachycardia, Emilia had chorioamniotis (amniotic infection), which can lead to adverse outcomes.

5.      The health care providers should have considered a c-section, and should have done a c-section.

6.      The nurse-midwives failed to call for the assistance of a doctor. Instead, the nurse-midwife then attempted to deliver Kira, exerted excessive force, used improper technique, and severely injured the right brachial plexus nerves, stretched her neck, broke her left arm, and caused permanent head and eye injuries. Kira was also in respiratory distress.

7.      Kira's brachial nerves on right side, including C5-C8, were damaged. She needed a nerve transplant at Seattle Children's Hospital from Dr. Raymond Tse. She also suffered eye and ear injuries. She has permanent impairments.

8.      The named Defendants were and/or are medical care providers who owed a duty of due medical care to Plaintiffs and breached same in a negligent and/or reckless manner which as set out herein was tortuous conduct, a breach of contract, and medical malpractice.

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

COMPLAINT
Maynard v. Liese, et al.                                                         Page 2 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE, ALASKA, 99501
TEL. (907) 276-1200
FAX (907) 278-6571

9.     Emilia's husband, Doug Maynard was present to give emotional support to Emilia during childbirth.

10.    Certain of the named Defendants, and John/Jane Doe Defendants 1-15 delayed use of other measures. Furthermore, certain of the named Defendants, including nurse/midwives delayed and/or failed to contact a medical doctor to attend to Emilia Maynard in the delivery room to perform the actual deliver, and then said nurse-midwives delivered Kira incorrectly, causing physical injuries to her as well as physical injuries to Emilia.

11.    Emilia Maynard and Doug Maynard suffered negligent infliction of emotional distress at the traumatic birth injuries to their daughter Kira, as well as physical and emotional injuries caused to Emilia by the actions of the Defendants, in addition to loss of consortium.

12.    On information and belief, one or more of the Defendants and/or their agent(s), failed to properly assess the condition of Emilia and Kira, before and during Emilia's labor, failed to properly perform necessary or appropriate medical procedures, such as a cesarean section, and/or consult with a medical doctor or the need for a cesarean section procedure, or otherwise, used inappropriate, and/or excessive, and/or incorrect techniques in delivering Kira, and failed to act appropriately, and/or did act inappropriately, resulting in injury to Kira and her parents.

13.    Plaintiffs Kira Maynard, Emilia Maynard, and Doug Maynard, are and have been citizens of the State of Alaska at all times pertinent hereto.

14.    John/Jane Does 1-5 are employees and/or agents and/or have medical privileges to be healthcare providers at ANMC, including nurses and doctors attending to

COMPLAINT
Maynard v. Liese, et al.                                                    Page 3 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE, ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

Emilia in the delivery room, who are negligent and/or reckless. John/Jane Does 6-10 are other doctors, nurses, and/or other health care providers who may be individually liable for the injuries to Plaintiffs.

15.    John/Jane Does 11-15 are employers of named Defendants and/or John/Jane Does 1-10, including health care providers attending to Darla in the delivery room, who are negligent and/or reckless. John/Jane Does 11-15 are vicariously liable and/or directly liable for the actions of said individuals.

16.    Furthermore, to the extent that such individuals and/or certain Defendants were not provided proper training or guidelines in attending to a high risk birth, with a prolonged labor, and other risk factors resulting in substantial treatment below the acceptable medical standard of care causing delay or failure to alert other medical providers and/or conduct a C-section, and/or waiting too long to take necessary steps to deliver the baby resulting in an emergency situation, and/or failed to follow the proper procedures in delivering a baby who is stuck in the birth canal resulting in damages to Kira including brachial plexus injury, broken arm, and head and eye injuries (from excessive force applied to the head), as well as injuries to her mother Emilia, and her father Doug, the Defendants are liable.

17.    Defendants Kylea Laine Liese and Janet S. Kirsch, on information belief are healthcare providers, doing business in the State of Alaska at all times pertinent hereto. On information and belief, they are certified nurse midwives who participated in the care of Emilia Maynard and may be involved in the delivery of Kira Maynard. Other nurse/midwives may also have been involved in the care of Emilia Maynard and delivery of Kira Maynard. It is unknown the exact relationship of these nurses/midwives to

COMPLAINT
Maynard v. Liese, et al.                                                          Page 4 of 10

ANMC and/or other entities. Accordingly, though Plaintiffs have filed Federal Administrative Tort Claims, due to the uncertainty of the relationships of culpable parties, this tort claim is filed within two years of the injuries. This complaint is intended to include any entity to which they are affiliated and/or an employee and/or an agent are vicariously liable for their actions. To the extent that it is revealed, certain Defendants are not involved and/or are covered under the Federal Tort Claim Act, this Complaint will be amended.

18.     Plaintiffs seek relief for all tort and/or contract and/or other claims and actions due to all applicable law. Moreover, the stating of certain causes of action in this Complaint and the allegation of certain facts as to said causes of action are without prejudice to Plaintiffs right to amend this Complaint at a future juncture, and to state supplemental new causes of action and add new parties as to any and all causes of action that may be due appropriate to this traumatic childbirth resulting in the devastating injuries to Kira, as well as the injuries sustained by her mother Emilia, and her father Doug, and the culpable conduct of the responsible parties causing these injuries, all of which relate back to this Complaint.

19.     The failures of the named Defendants to meet the standard of care, including but not limited to those set out herein, and their employees and/or agents, were the direct cause of and/or a substantial factor in causing the injuries to the Plaintiffs.

20.     Furthermore, to the extent named Defendant(s), and/or John/Jane Does 1-15 had medical privileges with ANMC, and said privilege should not have been extended to named Defendant(s), and/or John/Jane Does 1-15, ANMC is directly liable for any

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

COMPLAINT
Maynard v. Liese, et al.

such negligence and/or recklessness of named Defendant(s) and/or John/Jane Does 1-15 as to the birth of Kira and the injuries to all the Plaintiffs alleged herein.

21.    If any of the medical records pertinent to this case have not been recorded and/or have been destroyed, under applicable law, the Defendant(s) are presumed to have been negligent and/or committed medical malpractice. If certain medical techniques that should have been done but are not on record, it is presumed these techniques were not done.

22.    The Defendants actions and/or omissions were reckless and the medical malpractice noneconomic damage limitation of AS 09.55.549 does not apply even if the statute is constitutional, which Plaintiffs contend it is not and/or is not applicable to this situation and thus, no other Alaskan CAPS apply.

23.    Defendants' actions and/or omissions were done in reckless disregard of the well-being and safety of Emilia Maynard and Kira Maynard, as well as Doug Maynard, and calls for the imposition of punitive damages in an appropriate amount to deter such conduct in the future and to punish the defendants for the transgressions that have led to the appalling injuries suffered by Kira, as well as the injuries suffered by Emilia and Doug.

24.    Plaintiffs also contend herein, that any statutory limitation as to noneconomic damages under AS 09.55.549 or other statutes are unconstitutional and that plaintiffs are entitled to full recovery of any and all noneconomic damages.

25.    By filing this Complaint, is also the intention of the Plaintiffs to give notice to all responsible parties as to all potential cause of action arising from the facts of this incident set out herein. Plaintiffs seek relief for all tort and/or contract and/or medical

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

COMPLAINT
Maynard v. Liese, et al.

malpractice and/or other claims and actions due under applicable law. Moreover, the stating of certain causes of action in the Complaint and the allegations of certain facts as to said cause of action are without prejudice to Plaintiffs' right to amend this Complaint at a future juncture, and to state supplemental new causes of action and add new parties as to any and all causes of action that may be due in this tragedy and the culpable conduct of the responsible parties all of which relate back to this Complaint. The Defendants' conduct evidence reckless indifference to the interest, health and safety of plaintiff Emilia Maynard and the plaintiff Kira Maynard, and fell so far below the acceptable standard of care as to amount to willful and outrageous conduct, willful indifference to the consequences, for which punitive damages are warranted in an amount sufficient to punish and deter defendants from such conduct in the future, with due regard to the culpable nature of the conduct and each said Defendants' net worth.

26.     Defendants are instructed to notify any and all other entities and/or individuals that may have culpability for the injuries to the Plaintiffs arising out of the allegations herein.

### FIRST CAUSE(S) OF ACTION-NEGLIGENCE

27.     Plaintiffs hereby reallege, replead, recomplain, and restate as their causes of action herein paragraphs 1 through 26 above as though fully set forth herein.

28.     The Defendants conduct was culpable, was negligent, and a substantial factor in causing Plaintiff's injuries.

### SECOND CAUSE(S) OF ACTION – MEDICAL MALPRACTICE: NEGLIGENCE

29.     Plaintiffs hereby reallege, replead, recomplain, and restate as their causes of action herein paragraphs 1 through 28 above as though fully set forth herein.

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE, ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

COMPLAINT
Maynard v. Liese, et al.                                                    Page 7 of 10

Case 3:16-cv-00100-RRB   Document 1-1   Filed 05/23/16   Page 7 of 11

30.    The Defendants conduct constitutes medical malpractice to wit, negligence under Alaska law to constitute medical malpractice and was a substantial factor in causing Plaintiff's injuries.

## THIRD CAUSE OF ACTION – MEDICAL MALPRACTICE: RECKLESS

31.    Plaintiffs hereby reallege, replead, recomplain, and restate as their causes of action herein paragraphs 1 through 30 above as though fully set forth herein.

32.    The Defendants conduct was negligent and/or reckless under Alaska law to constitute medical malpractice and was a substantial factor in causing Plaintiffs injuries.

## FOURTH CAUSE OF ACTION – RESPONDENT SUPERIOR

33.    Plaintiffs hereby reallege, replead, recomplain, and restate as their causes of action herein paragraphs 1 through 32 above as though fully set forth herein.

34.    As to the Defendants herein who are employees and/or agents and/or partners and/or associates of other Defendants at the time of the culpable conduct, the Defendants who were employers and/or principals and/or partners and/or associates and/or parent corporations or entities with control over its subsidiary or affiliated entity that directly was engaged in the culpable conduct, i.e. culpable acts and/or failure to act, are liable due to respondent superior and/or failure to supervise and/or train and/or for providing medical privileges at ANMC and/or negligent hire.

## FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES

35.    Plaintiffs hereby reallege, replead, recomplain, and restate as their causes of action herein paragraphs 1 through 34 above as though fully set forth herein.

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

COMPLAINT
Maynard v. Liese. et al.                                                                    Page 8 of 10

36.     Each of the Defendants individually and severally and/or with certain joint liability, given the degree of culpability of their actions and/or vicarious responsibilities are liable for punitive damages under the laws of the state of Alaska, in an amount to chill and deter such conduct in the future with due regard to the culpable nature of the conduct and the net worth of each Defendant.

## SIXTH CAUSE OF ACTION – UNRESTRICTED DAMAGES

37.     Plaintiffs hereby reallege, replete, recomplain, and restate as their causes of action herein paragraphs 1 through 36 above as though fully set forth herein.

38.     Due to the nature of the culpable conduct of the Defendants and the degree of culpability, any Alaska statutory CAP(s) on compensatory or punitive damages are inapplicable to limit any jury verdict or judgment. In any event, any such CAP(s) are unconstitutional.

Wherefore the Plaintiffs pray for the following relief:

1. Compensatory damages against all Defendants jointly and/or severally in favor of each Plaintiff in an amount in excess of the jurisdictional limits of this Court.

2. A finding of recklessness as to the conduct alleged herein so that any CAPS (even if constitutional), as to noneconomic damages as to healthcare providers under Alaska law is inapplicable.

3. A finding and ruling by the Court that any Alaska statutory CAPs on non-economic damages are inapplicable and/or unconstitutional under the U.S. and Alaska Constitutions.

4. For punitive damages on behalf of Plaintiffs against each Defendant, including an amount sufficient to punish and deter and chill such willful and grossly reckless and

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

COMPLAINT
Maynard v. Liese, et al.

willfully indifferent conduct, with due regard to the culpable nature of the conduct and

the Defendant's net worth;

    5. For costs and attorney fees as to each award in the maximum amount allowable

by law; and

    6. For such other relief as the court deems just, equitable and appropriate.

    RESPECTFULLY submitted this 23rd day of December, 2015.

WEIDNER & ASSOCIATES
Attorneys for Plaintiffs

Michael Cohn
Michael Cohn
ABA No. 8506049

COMPLAINT
Maynard v. Liese, et al.                                                Page 10 of 10

Case 3:16-cv-00100-RRB   Document 1-1   Filed 05/23/16   Page 10 of 11

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571



COPY

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

KIRA MAYNARD, A Minor (DOB:
12/27/2013) Through Her Mother Emilia
Maynard and Her Father Doug Maynard;
EMILIA MAYNARD; and DOUG
MAYNARD;

            Plaintiffs,

    v.

KYLEA LAINE LIESE; JANET S.
KIRSCH; and JOHN/JANE DOES 1-20;

            Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Case No. 3AN-15-_____CI

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through counsel, Phillip Paul Weidner & Associates, APC,
hereby request and demand a jury trial pursuant to the United States and Alaska
Constitutions and Alaska Rule of Civil Procedure 38 as to all issues so triable.

RESPECTFULLY SUBMITTED this 23rd day of December, 2015, at Anchorage, Alaska.

WEIDNER & ASSOCIATES
Counsel for Plaintiffs

Michael Cohn
ABA No. 8506049

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE, ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571